# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS<br>AMERICA, INC. and<br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendant. | Civil Action No. 2:17-cv-00562<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (together, "Uniloc"), for their complaint against defendant, Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (together, "Samsung"), allege:

## THE PARTIES

1. Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. SEA is a New York corporation, having a principal place of business in Ridgefield Park, New Jersey.

4. SEC is a South Korean corporation, headquartered in Suwon, South Korea.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). SEA has a regular and established place of business in this judicial district at 1301 E. Lookout Drive, Richardson, Texas 75080. *See CyWee Group Ltd. v. Samsung Elecs. Am., Inc.*, Case No. 2:17-cv-00140-RWS-RWP, Dkt. No. 15 at ¶ 5 (E.D. Tex.). Venue is proper with respect to SEC under 28 U.S.C. §§ 1391(c).

7. SEA and SEC are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and soliciting business in this District and elsewhere in Texas and/or (C) engaging in persistent conduct and deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,092,671)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,092,671 ("the '671 Patent"), entitled METHOD AND SYSTEM FOR WIRELESSLY AUTODIALING A TELEPHONE NUMBER FROM A RECORD STORED ON A PERSONAL

INFORMATION DEVICE, which issued August 15, 2006. A copy of the '671 Patent is attached as Exhibit A.

10. Uniloc USA is the exclusive licensee of the '671 Patent, with ownership of all substantial rights, including the right to grant sublicenses, to exclude others, and to enforce and recover past damages for infringement.

11. Samsung offers for sale and sells cellular telephones and tablets having wireless communication ports and the ability to communicate wirelessly (such as by Bluetooth® or over a WiFi network), using software known as "SideSync" ("Accused Devices").

12. The Accused Devices incorporate software that allows for a display of stored contact telephone numbers on their screens.

13. The Accused Devices incorporate software that, in response to a user's selection, causes the device to transfer a telephone number wirelessly to another nearby Accused Device, which dials the selected number.

14. Samsung also distributes an application that can be downloaded to computers, tablets, and cellular telephones, that, in response to a user's selection, causes the device to transfer a telephone number wirelessly to a nearby device, which dials the selected number ("Accused Application").

15. Samsung has infringed, and continues to infringe, claims of the '671 Patent in the United States, including claims 1-6 and 9-14, by making, using, offering for sale, selling, and importing the Accused Devices and the Accused Application, in violation of 35 U.S.C. §271(a).

16. Samsung has also infringed, and continues to infringe, claims 1-6 and 9-14 of the '671 Patent by actively inducing others to use, offer for sale, and sell the Accused Devices and the Accused Application.

17. Samsung's customers who use those devices and that application in accordance with Samsung's instructions infringe claims 1-6 and 9-14 of the '671 Patent, in violation of 35 U.S.C. § 271(a). Samsung intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- www.samsung.com, including:

    www.samsung.com/us/support/

    www.samsung.com/us/sidesync/

- https://support-us.samsung.com

- https://play.google.com/store/apps/

- www.youtube.com, including:

    www.youtube.com/watch?v=3quCSsTNMbg

    www.youtube.com/watch?v=7AVdCvG6eIU

Samsung is thereby liable for infringement of the '671 Patent under 35 U.S.C. § 271(b).

18. Samsung has also infringed, and continues to infringe, claims 1-6 and 9-14 of the '671 patent by offering to sell, selling, or importing its Accused Devices and Accused Application, which apparatuses are used in practicing the processes of the '671 patent, and constitute a material part of the invention. Samsung knows portions of the software contained in the Accused Devices and Accused Application to be especially made or especially adapted for use in infringement of the '671 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use.

19. Samsung will have been on notice of the '671 Patent since, at the latest, the service of this complaint upon it. By the time of trial, Samsung will have known and intended

(since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 1-6 and 9-14 of the '671 Patent.

20. Samsung may have infringed the '671 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Devices or the Accused Application.

21. Uniloc has been damaged by Samsung's infringement of the '671 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Samsung:

(A)   declaring that Samsung has infringed the '671 Patent;

(B)   awarding Uniloc its damages suffered as a result of Samsung's infringement of the '671 Patent;

(C)   awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D)   granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: August 1, 2017                     Respectfully submitted,

/s/ Edward R. Nelson III
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905

Aaron S. Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**